Honorable Michael J. Bowers Formal Opinion Attorney General of Georgia No. 97-F4 Att.: Carol Callaway Senior Assistant Attorney General 40 Capitol Square S.W. Atlanta, Georgia 30334-1300
Dear Attorney General Bowers:
You have asked whether the laws of New York recognize and give effect to a permit to carry a handgun issued by the State of Georgia. You note that 1996 amendments to the Official Code of Georgia Annotated (§ 16-11-126[e]) provide that if the laws of another state give effect to handgun permits issued by the State of Georgia, Georgia will honor handgun permits issued by that state under the same terms and conditions as if the permits were issued to Georgia residents by the State of Georgia.
New York Penal Law § 400.00 governs the issuance of licenses to carry, possess, repair and dispose of firearms. It contains no general provision recognizing or giving effect to permits issued by other states to their residents. We are not aware of any reciprocal agreements with other states concerning firearms. L. Thomas and J. Chamberlain, Gun Control in New York, 2d ed, Gunlock Press at p 197.
There are limited statutory authorizations for residents of other jurisdictions to carry firearms in New York. Penal Law Article 265 defines the offenses for unlawful possession of weapons. Section 265.20(a) provides exemptions from criminal liability in specific, defined circumstances. Among these are possession of a pistol or revolver by a police officer or sworn peace officer of another state while conducting official business in New York. Penal Law §265.20(a)(11). Limited statutory exemptions also are provided for nonresidents who are licensed to carry firearms in accord with the laws of their states of residence who attend certain competitive shooting matches or gun shows in New York. Id. § 265.20(a)(13), (13a).
In a prior opinion, we concluded that United States Postal Police Officers who are issued Federal firearms permits that authorize them to carry firearms while on duty are within the exemption provided in section 265.20(a)(1)(d), which covers persons in the service of the United States pursuing official duties or those authorized by Federal law to carry firearms. We noted, however, that this exemption, as applied to the postal police officers, is strictly limited by their Federal firearms permits to on-duty activities and concluded that a postal police officer who wished to carry a firearm while off-duty in New York would have to comply with New York's licensing statute. Op Atty Gen No. 94-F3.
We conclude, with limited exceptions, that New York law does not recognize or give effect to licenses to carry firearms issued by the State of Georgia or any other state.
Very truly yours,
DENNIS C. VACCO
Attorney General